UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x   Jury Trial Demanded

WALTER WILLIAMS,

                        Plaintiff,

             -against-

CITY OF NEW YORK; POLICE OFFICER NOVONIL CHOWDHURY, (Shield No. 6346), and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ X

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

6. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## **PARTIES**

7. Plaintiff WALTER WILLIAMS ("plaintiff" or "Mr. Williams") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendant Novonil Chowdhury, Shield No. 6346 was a police officer, acting as an agent, servant and employee of defendant City of New York and the NYPD. Defendant Chowdhury is sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On or about July 6, 2014, lawfully in the vicinity of 868 Myrtle Avenue, Brooklyn, New York.

14. Plaintiff was talking with a friend, Mike, when several New York City Police Officers, including defendant Chowdhury, approached them.

15. The officer approached plaintiff and began questioning him.

16. Plaintiff explained that he had done nothing wrong and asked to be left alone.

17. The officer picked an empty bottle of beer from a trash can and accused plaintiff of drinking from it.

18. Plaintiff was not drinking from that can nor had he been drinking in public.

19. The officers then asked for identification, and Mr. Williams provided it.

20. Despite the fact that they had no probable cause to believe that she had committed any crimes or offenses, the officers including defendant Chowdhury, placed plaintiff under arrest.

21. In so doing, the officers then threw her up against a metal gate and used excessive force to put her hands in handcuffs.

22. The officers then violently twisted plaintiff's arm behind his back and shoved plaintiff into a trash can, causing bruising to plaintiff's arm and shoulder.

23. The officers then pulled plaintiff to his feet, placed him in a police vehicle and transported him to a police precinct.

24. Once at the precinct plaintiff was ordered to remove all his clothes, bend over and cough.

25. Plaintiff was placed in a filthy holding cell.

26. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the following offenses of consumption of alcohol in public.

27. At no point did defendants observe plaintiff commit any crimes or offenses.

28. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful use of excessive force and arrest of plaintiff.

29. From the precinct plaintiff was transported to Brooklyn Central Bookings and later arraigned in Kings County Criminal Court.

30. Plaintiff's criminal charges were subsequently dismissed.

31. After approximately twenty-four hours in custody, plaintiff was released.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

34. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

35. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

40. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Williams.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against Plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **SIXTH CLAIM**
**Unlawful Strip Search**

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected Plaintiff to a strip search without legal justification.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 21, 2014
         New York, New York

                                    /ss/
                              Robert Marinelli
                              305 Broadway, 9th Floor
                              New York, New York 10007
                              (212) 822-1427

                              *Attorney for plaintiff*